UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENITO O. GUMBS,

                    Plaintiff,

          -against-

OFFICER ACTONS, OFFICER CORDANIS,
SERGEANT TEPEDINO, LIEUTENANT D.
LOCKWOOD, JOSHUA SHOPE,

                    Defendants.

26-CV-181 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Cayuga Correctional Facility, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff initially filed this action in the United States District Court for the Northern District of New York. On January 5, 2026, that court severed claims against the Defendants[2]; on January 9, 2026, those claims were transferred to this court, and the Clerk's Office opened this new civil action. For this new civil action, Plaintiff has not paid the $405.00 in fees or submitted an IFP application and prisoner authorization form. Because the severed claims were transferred and opened as a new civil action, Plaintiff must pay the fees for this new action or ask to proceed IFP. *See, e.g.*, *Perkins v. City of New York*, No. 14-CV-3779, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (directing each plaintiff to file a new IFP application after severing claims in multi-prisoner-plaintiff action); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250, 2001 WL 460928 (S.D.N.Y. 2001) (holding that "severed claims become entirely independent actions to be tried, and judgment entered thereon, independently") (internal citation omitted).

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization form. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 26-CV-181 (LTS).[3]

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

---

[2] The court dismissed the remainder of the action. *Gumbs v. State of New York*, No. 9:25-CV-0838 (GTS) (PJE) (N.D.N.Y. Jan. 5, 2026) (dismissal for failure to state a claim and declining to exercise supplemental jurisdiction over state law claims).

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 22, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge